### FECHHEIMER IRON & STEEL CO. v. BARESS.

(Supreme Court, Appellate Term.   April 13, 1910.)

SALES (§ 418*)—FAILURE TO DELIVER—DAMAGES.

 Defendant having breached his contract to deliver scrap on plaintiff's order f. o. b. at B., to be shipped to plaintiff at S., plaintiff properly reduced the damages by buying in a cheaper market than B., and can recover only the excess of the price paid over the contract price; the freight from the place of purchase to S. being only the same as from B. to S.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Fechheimer Iron & Steel Company against Nathan Baress.   From a judgment for plaintiff, defendant appeals.   Modified and affirmed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

-------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hitchings & Palliser, for appellant.

Morton Stein, for respondent.

LEHMAN, J. Plaintiff sues for damages sustained by reason of the breach by defendant of his contract to deliver "steel scrap" and "cast scrap" to his order f. o. b. Bayonne, N. J. There was no dispute as to the fact that defendant had failed to deliver the scraps when ordered, and a sharp conflict of testimony as to certain transactions which defendant claimed constituted a waiver of prompt delivery. The trial justice found in favor of the plaintiff upon the question of fact, and no reason appears in the record that would justify any interference with his decision, except in regard to the amount of damages.

It appeared upon the trial that plaintiff had given orders to ship the scrap to South Bethlehem, Pa. While the contract called for delivery f. o. b. Bayonne, N. J., and the usual measure of damages is, therefore, the difference between the contract price and the market value at Bayonne, since the scrap was not to be used at that point, the plaintiff properly reduced the damages by buying the scrap in the cheapest market and shipping direct from that market to South Bethlehem. He was not obliged to increase the damages by shipping first to Bayonne, and reshipping from that point to South Bethlehem. Inasmuch, however, as the freight rate from the point where he bought to South Bethlehem was about the same as from Bayonne to South Bethlehem, he was not damaged by being obliged to ship from those points, instead of from Bayonne.

In actions for breach of contract, damages are merely compensatory, and the plaintiff is not entitled to be reimbursed for the freight charges to South Bethlehem, since he would have been obliged to pay approximately the same charges from Bayonne if defendant had complied with his contract.

The judgment should therefore be modified, by reducing the damages to $254.44, and the costs to $22, and, as so modified, affirmed, without costs on this appeal. All concur.